Ben E. Dupre (SBN # 231191)
(bendupre@gmail.com)
Dupre Law Firm, P.C.
2005 De La Cruz Blvd., Suite 203
Santa Clara, CA 95050
Telephone Number: (408) 727-5377
Facsimile Number: (408) 727-5310

William E. Kennedy (SBN # 158214)
(willkennedy@pacbell.net)
Law Office of William E. Kennedy
2797 Park Ave. #201
Santa Clara, CA 95050
Phone: (408) 241-1000
Fax: (408) 241-1500

Mark A. Chavez (SBN # 90858)
(mark@chavezgertler.com)
CHAVEZ & GERTLER, LLP
42 Miller Ave.
Mill Valley, California 94941
Phone: 415-381-5599
Fax: 415-381-5572

Bryan Kemnitzer (SBN # 66401)
(bryan@kbklegal.com)
KEMNIZER, BARRON & KRIEG
445 Bush Street, 6th Floor
San Francisco, CA 94108
Phone: 415-632-1900
Fax: 415-632-1901

Attorneys for Plaintiff Maria Perez and the Proposed Class

**CV 10-01916 JW**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| MARIA PEREZ on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") [15 U.S.C. § 1692 *et seq.*] AND THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Maria Perez hereby complains against Defendant Midland Funding, LLC and on information and belief alleges as follows:

## INTRODUCTION

**1.** This class action complaint is brought to protect the rights of California consumers who have had their motor vehicles repossessed. For over thirty years, California law has required secured creditors to prove that they disposed of consumers' repossessed vehicles in conformity with California's Automobile Sales Finance Act and the relevant provisions of the Commercial Code in order to collect deficiency balances. The proposed class members do not owe deficiencies because the secured creditor failed to send the class members a code-complaint Notice of its Intent to Dispose of the collateral as required by the Automobile Sales Finance Act. Nevertheless, defendant sent the class members dunning letters and/or sued the class members and/or reported to consumer reporting agencies that the class members owed deficiency balances.

**2.** In some cases, by concealing that their claims are based on deficiencies, defendant has been able to obtain judgments where the underlying Notice of Intent to Dispose of a Motor Vehicle was legally flawed.

## JURISDICTION AND VENUE

**3.** Jurisdiction is proper in the Federal District Court pursuant to 28 U.S.C. § 1331, on the basis that the defendant by an act or omission violated federal law, specifically the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

///

///

4. Venue is proper in the Northern District pursuant to 28 U.S.C. 1391, because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

5. Plaintiff MARIA PEREZ ("Ms. Perez") is an individual and a resident of the State of California.

6. Defendant MIDLAND FUNDING, LLC ("Midland Funding") is a limited liability company doing business in the State of California.

## ALLEGATIONS SPECIFIC TO MARIA PEREZ

7. In or around March 2006, Ms. Perez purchased and financed a 2005 Ford Focus at Capital Expressway, a car dealership located in San Jose, California. She purchased the vehicle primarily for personal and family purposes. The financing was arranged by the dealership and provided by Wells Fargo, under a conditional sale contract as defined and regulated by California's Automobile Sales Finance Act ("ASFA"), Cal. Civil Code § 2981 *et seq.*

8. In or around June 2006, Wells Fargo repossessed the vehicle. Wells Fargo then sent Ms. Perez a notice of its intent ("NOI") to sell the vehicle. The NOI failed to comply with California law in that it failed to state all the conditions precedent for reinstatement in violation of Cal. Civil Code § 2983.2. Wells Fargo subsequently sold the vehicle and sent Ms. Perez a demand for a deficiency in the amount of $11,032.08. In fact, no deficiency was owed because of Wells Fargo's failure to comply with California law. Wells Fargo then assigned its "rights" under the account to Midland Funding.

9. In August 2008, Midland Funding filed a complaint in the Superior Court of California in Santa Clara County (Case Number 108CV121187). The Complaint was served on Ms. Perez on or about May 30, 2009. Midland Funding's complaint alleged, in part, that Ms. Perez owed money on an open book account. The complaint omitted that the complaint was based on the deficiency claim described above. In fact, the complaint included an attached declaration specifically indicating that the complaint against Ms. Perez was not subject to Cal. Civil Code § 2984.4. The misrepresentations violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Ms. Perez filed a response to the lawsuit with the Court and indicated that she did not owe Midland Funding because the NOI was defective, precluding a deficiency.

10. If Ms. Perez had not filed a response with the court, defendant would have applied for and received a clerk's default judgment without having complied with the requirements of the code sections cited in Cal. Civil Code § 2983.8(b). Neither the clerk nor the court would have been aware of the applicability of these provisions because defendant misidentified the nature of the alleged debt it sought to collect.

11. In September 2009, Midland Funding served Ms. Perez with verified discovery responses indicating that the alleged debt arose out of an automobile financing transaction.

12. Rather than dismissing or amending the state court complaint, Midland Funding pushed forward. Midland Funding knew or should have known that the alleged debt arose out of an ASFA transaction at the time it filed the Complaint.

13. Midland Funding filed the false declaration with the state court.

**14.** A trial date was set in the action for December 2009. Midland Funding waited until November 2009 to file a Request for Dismissal.

## ALLEGATIONS COMMON TO CLASS MEMBERS

**15.** In order to protect consumers' valuable property interests in financed vehicles, and afford buyers a full opportunity to make an informed decision as to whether to exercise their statutory right to redemption or reinstatement, the ASFA requires the holder of the contract to issue a detailed statutory notice (NOI) to the buyer following repossession or voluntary surrender. Cal. Civil Code § 2983.2(a) specifies the precise information and disclosures that must be included in the NOI in order to comply with the law.

**16.** Absent strict compliance with the mandatory requirements for the NOI a holder may not lawfully collect <u>any</u> deficiency from <u>any</u> person liable under a conditional sales contract following its disposition. The ASFA specifically provides that those persons "shall be liable for a deficiency <u>only if</u> the notice prescribed" contains "<u>all</u>" of the disclosures mandated by the statute. Cal. Civil Code §2983.2(a) (emphasis supplied).

**17.** The ASFA further specifies that no seller or holder may obtain a deficiency judgment, and "no deficiency judgment shall lie in any event," against a person otherwise liable under a conditional sales contract after the disposition of a vehicle unless a court has determined that the sale or other disposition was in conformity with the provisions of the ASFA. Cal. Civil Code § 2983.8.

**18.** Midland Funding accepts assignments from automobile finance companies of their contractual rights to collect debts purportedly owed by automobile borrowers following the repossession and disposition of financed vehicles. These automobile finance companies have failed to fully and strictly comply with the requirements of California law

relating to the contents of NOIs issued to borrowers. Consequently, the borrowers do not owe the debts assigned to Midland Funding.

19. In the four years preceding the filing of the complaint, Midland Funding has collected and attempted to collect deficiency balances from borrowers who do not owe the deficiency balances. Midland Funding fails to verify that borrowers owe the deficiency balances before it attempts to collect amounts from borrowers. In order to collect these deficiency balances, Midland Funding sends borrowers dunning letters, written demands for payment, files complaints, and/or otherwise demands payment of amounts that are not owed. Midland Funding made false and misleading statements in an effort to collect amounts that were not owed.

20. The proposed class consists of all persons who:

    a.    Financed the purchase of a motor vehicle which was repossessed and disposed of by the lender;

    b.    The lender assigned the right to collect a deficiency balance purportedly owed by the borrower to Midland Funding;

    c.    and were subjected to Midland Funding's efforts to collect the deficiency balance within the four years preceding the filing of the complaint.

21. The proposed classes each likely consist of dozens – possibly hundreds – of members and are each so numerous that joinder is impracticable. The members are readily ascertainable through the records of Defendant.

22. Questions of law and fact are common and of general interest to both the classes and exist as to all members of each class and will predominate over any questions

affecting only individual members of each class. To illustrate, these common questions include:

    a. whether defendant collected or attempted to collect deficiency balances from class members when it had no legal right to do so;

    b. whether plaintiff and the class are entitled to damages and equitable relief.

23. Ms. Perez's claims are typical of the claims of each of the members of the proposed class.

24. Ms. Perez will fairly and adequately protect the interests of the members of the proposed class. Ms. Perez has no interest adverse to the class. Additionally, Ms. Perez has retained counsel experienced in the prosecution of class actions, including consumer class actions under the FDCPA and ASFA. Ms. Perez is thus ready, willing and able to fairly and adequately represent the interests of the class.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual member are relatively small compared to the expense and burden of prosecuting individual cases.

26. If individual members of the classes were required to bring separate actions, courts would be confronted by multiple lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, the class action presents fewer management difficulties while providing unitary adjudication, economies of scale, and comprehensive supervision by a single court.

27. Many of the members of the proposed classes may be unaware of the existence of laws that provide them with protection from the facts described above and therefore may not seek out legal assistance without the classes.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
Violation of the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
*(Brought as a Class Action on Behalf of Maria Perez, and the Class Against Defendant)*

28. Plaintiff realleges and incorporates herein by reference the allegations in all other paragraphs.

29. Defendant Midland Funding used instruments of interstate commerce, including mail, telephone and electronic correspondence in its business, the principal purpose of which is the collection of debt. In plaintiff's case, Midland Funding used such instruments of interstate commerce to obtain information concerning the debt from its attorneys, to communicate with its attorneys, and to communicate/exchange documents to Ms. Perez. Further, Midland Funding regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to other entities. For purposes of this paragraph, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. For purposes of this paragraph "consumer" means any natural person obligated or allegedly obligated to pay the debt. Accordingly, Midland Funding is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

30. None of the members of the class owed money to Defendant because Defendant's assignors failed to comply with Cal. Civil Code § 2983.2(a).

31. Nonetheless, Defendant demanded money or otherwise indicated that the members of the class owed a debt and made false and deceptive statements in conjunction with the collection of consumer debts. In so doing, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f and/or 1692f(1).

## SECOND CAUSE OF ACTION
Unlawful, Unfair and Deceptive Business Practices
Civil Code § 2981 *et seq.* and Bus. & Prof. Code § 17200 *et seq.*
(*Brought as a Class Action on Behalf of Maria Perez and the Proposed Clas Against Defendant*)

32. Plaintiff realleges and incorporates herein by reference the allegations in all other paragraphs.

33. Beginning on an exact date unknown to plaintiff, but at least during the past four years, defendant has committed acts of unfair competition proscribed by the UCL, including the practices alleged herein. These acts of unfair competition include the following:

a. Defendant negligently misrepresented – orally and in writing – to the members of the Class that they are obligated to pay deficiency balances;

b. Defendant fraudulently misrepresented – orally and in writing – to the members of the Class that they are obligated to pay deficiency balances;

c. Defendant reports to third parties, including Consumer Reporting Agencies, that the members of the Class owe deficiency balances;

d. Defendant actually collects and attempts to collect alleged deficiency balances from members of the Class; and,

e. Defendant retains and utilizes in its business the ill-gotten gains from collected deficiency balances to increase its revenue and profits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant and relief as follows:

<u>On the First Cause of Action (FDCPA)</u>

a.  For actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) for herself and the members of the Class;

b.  For statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) for herself and members of the Class;

c.  For reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d.  For such other and further relief as the Court may deem proper.

<u>On the Second Cause of Action (17200)</u>

a.  For a declaration that Midland Funding has no right to attempt to collect or collect a deficiency claim against Ms. Perez or any of the class members;

b.  For restitution or restitutionary disgorgement paid to Class members of all deficiency balances collected by Midland Funding together with interest and/or profits thereon;

c.  The distribution of any unclaimed funds that are disgorged by defendant to a *cy pres* fund or fluid recovery remedy;

d.  An injunction prohibiting Midland Funding or its agents from attempting to collect on the invalid deficiency claims and setting aside any judgments that it may have obtained on such claims during the pendency of this litigation;

34. Defendant's conduct constitutes a violation of Bus. & Prof. Code § 17200 *et seq.* which defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

35. Defendant's conduct is unlawful because it violates the Federal Fair Debt Collection Practices Act, as described in more detail in the First Cause of Action.

36. Defendant's conduct is unlawful because it violates the Automobile Sales Finance Act, Cal. Civil Code §2981 *et seq.*

37. Defendant's conduct is fraudulent because it is likely to mislead members of the general public.

38. Defendant's conduct is unfair in that such acts and practices offend public policy and are substantially injurious to consumers. These acts and practices have no utility that outweighs the corresponding harm to consumers.

39. The acts and practices of defendant described herein present a continuing threat to members of the general public in that defendant is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

40. Ms. Perez has suffered injury in fact and has lost money or property as a result of defendant's acts of unfair competition.

41. As a direct and proximate result of the acts and practices described herein, defendant has received and collected substantial monies from consumers that defendant is not entitled to collect. Such funds properly belong to the consumers who were subjected to improper and invalid deficiency claims and constitute ill-gotten gains subject to disgorgement.

e. An order awarding attorneys' fees and costs to plaintiff's counsel pursuant to, *inter alia,* Cal. Code of Civil Procedure § 1021.5; and

f. Such other relief as the Court may deem proper.

Respectfully Submitted,

DUPRE LAW FIRM, P.C.
LAW OFFICE OF WILLIAM E. KENNEDY
CHAVEZ & GERTLER, LLP
KEMNITZER, BARRON & KRIEG

Dated: May 4, 2010

_____
Ben E. Dupre, Attorney for Maria Perez and
the Proposed Class

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Maria Perez demands a trial by jury in this action.

DUPRE LAW FIRM, P.C.
LAW OFFICE OF WILLIAM E. KENNEDY
CHAVEZ & GERTLER, LLP
KEMNITZER, BARRON & KRIEG

Dated: May 4, 2010

_____
Ben E. Dupre, Attorney for Maria Perez and
the Proposed Class